## HOUX vs. RUSSELL.

An action for money had and received will lie against an attorney, who, having a debt for collection, receives in payment debts on himself, or on others, without authority from his principal.

## ERROR to Callaway Circuit Court.

REED, HARDIN & LEONARD, *for Plaintiff in Error:*

1st. Whatever is received as money in payment of a money demand, may be recovered as such against the party receiving it, in an action for money had and received.

Emerson vs. Baylies, 19 Pick. Rep. 57. Payson vs. Whitcomb, 15 Pick. Rep. 215. Randall vs. Rich, 11 Mass. Rep. 497. Miller vs. Miller, 7 Pick. Rep. 135. · Tinslar vs. May, 8 Wend. Rep. 561. Beardsley vs. Root, 11 John, Rep. 467. Ward vs. Evans, 2 Lord Raymond, 928.

2nd. An attorney at law charged with the collection of a debt for his client, has no authority to receive notes upon third persons in payment of the demand,—and if he does, he is liable to his client, as for money had and received.

Molly Floyd vs. Day, 3 Mass. Rep. 404. Ainslee vs. Wilson, 7 Cowen Rep. 668. Smock vs. Dade, 5 Randolph's Rep. 639. Langdon et al. vs. Potter, 13 Mass. Rep. 319.

3rd. If a person authorized to collect money for another, receives in payment thereof, debts upon third persons, a presumption arises after the lapse of a reasonable time, that the debts so received have been collected.

4th. The instruction given at the instance of the defendant was manifestly erroneous in making the whole case turn on the question, whether the notes were received by the defendant for the benefit of his client, regardless of the question whether they had been subsequently collected.

DUNCAN & TODD, *for Defendant in Error:*

1st. The plaintiff must prove the receipt of money by defendant for plaintiff's use, before he can recover on the counts—and cannot recover for the receipt of promissory notes or chattels for plaintiff's benefit.

2nd. If promissory notes were taken in discharge of the plaintiff's debt, without his assent or direction, it is a misfeasance, for which a special action may be had.

3rd. There is no authority which justifies the doctrine that notes taken in discharge of a debt is money in the collector's hands, *except when he receives those notes to his own use,* or uses them for his own benefit.

4th. The plaintiff could not recover on these counts, for the amount of the notes thus taken in payment upon a presumption of their being collected from lapse of time, as money, and by no action, unless upon the assumption of the receipt of them for his use, and for his benefit, and a special demand and count for a breach in the collection of them.

McBRIDE, J., *delivered the opinion of the Court.*

Houx commenced his action of assumpsit against Russell in the Callaway Circuit Court on the 23rd September, 1845. The declaration was for money had an received, for interest upon said monies, and upon an account stated. Plea—non-assumpsit and issue.

At the April Term, 1846, a trial was had, and the plaintiff took a non-suit, and moved to set it aside. 1st. Because the Court refused the

plaintiff's instructions. 2nd. Because the Court gave the defendant's instructions.

The motion was overruled, exceptions taken, and the case brought here by writ of error.

The bill of exceptions discloses the following facts :—Defendant's receipt, as an attorney at law, for two notes on Dr. Farrar, for about the sum of $1200, to collect and account for to plaintiff, the settlement of those notes by Farrar, part in cash, part in claims on the defendant, and the residue in cash notes, under an agreement made by Farrar with the defendant, the cash notes at a discount of ten per cent. and bearing interest at the same rate, endorsed in blank to the defendant. A demand made by the plaintiff's attorney on the defendant prior to the institution of suit and a failure to pay—partial payments made by defendant to plaintiff, amounting in the aggregate to about $850.

Upon the evidence given, the plaintiff asked the Court to decide the law to be : —

1st. If the defendant was an attorney of this Court, and received for collection the two obligations mentioned in the receipt given in evidence as therein stated, and afterwards, about the 13th April, 1844, received from the maker of the said two obligations in satisfaction thereof, money demands against himself, and notes upon third persons, endorsed in blank by the payees, to the amount of the said two notes, and interest, and surrendered up the said two notes as satisfied ; and if afterwards, and just before the commencement of this suit, the plaintiff demanded of the defendant the proceeds of the two notes mentioned in the receipt, and the same was not upon such demand, or at any other time paid over to the plaintiff, that then the Court ought to find for the plaintiff.

2nd. If the defendant received for collection, as an attorney at law, the two obligations mentioned in the receipt given in evidence, as therein mentioned, he had no authority to receive in payment of the same, the notes of third persons, without some express authority from the plaintiff for that purpose, and there is no evidence of any such authority.

3rd. If the defendant received as money the notes of third persons in payment of the debts in his hands for collection, the same may be recovered in this action as money had and received. If the defendant received the notes of third persons, in payment of the debts in his hands for collection, and a reasonable time for the collection of the same elapsed before demand made, and the commencement of this suit, the

presumption is, in the absence of proof to the contrary, that the defendant had collected the money before the demand was made.

The Court refused so to decide the law, to which the plaintiff excepted.

The defendant then asked the Court to declare the law to be :—

1st. If the Court find that the defendant received from Farrar, the debtor of the plaintiff, notes in part payment of the debt for the benefit of the plaintiff, he, the plaintiff cannot recover in this action as for money had and received for the plaintiff, nor upon any breach in the declaration.

2nd. If the evidence shows any balance due by the defendant, the plaintiff cannot recover damages by way of interest, until after demand made for the money.

The first proposition, the Court sustained, and overruled the second; to the sustaining of the first the plaintiff excepted, and took a non-suit, with leave to move to set the same aside.

The plaintiff then filed his motion to set aside the non-suit for the reasons :—

1st. The Court erred in refusing to declare the law of the case as prayed by the plaintiff.

2nd. The Court erred in declaring the law of the case as prayed by the defendant.

The Court overruled the motion, and refused to set aside the non-suit, to which refusal the plaintiff excepted.

It is unquestionably true, as a general rule, that the action for money had and received, cannot be maintained unless the evidence establishes the fact, that the defendant has actually received money ; but there are exceptions to this, as well as to most other general rules. As where the agent received negotiable paper, it was held to be equivalent to the receipt of money, and an action for money had and received would lie. 2 Esp. N. P. 571. So if the agent being indebted to the debtor of his principal, cancels his own debt by allowing a credit on the demand of his principal, the principal may maintain his action for money had and received, although no money actually come into the agent's hands. Willis's Rep. 400. In the case of Beardsley vs. Root, (11 John. Rep. 465,) Root, as the attorney of Beardsley, purchased at Sheriff's sale a tract of land sold under an execution in favor of his client, for a sum exceeding the amount of the execution, and agreed to pay the balance of the purchase money to the parties entitled thereto. He directed the Sheriff to return the execution satisfied, and gave to him a receipt for

the amount of his client's demand, and took from the Sheriff a deed to himself for the land purchased; subsequently, he offered the land to Beardsley, who refused to take it, and commenced his action for money had and received, to recover from the attorney the amount of his execution.

The Court says :—" It may be true that the defendant intended to purchase the farm mentioned in the case, for his client, though judging from the facts before us, it would rather seem that he bought it on his own account. The fact of taking the deed directly to himself, and not to his client, affords a more clear indication of his real intention at the time of the sale, than his declarations made before and after. But admitting that he meant to make the purchase in behalf of his principal, still, having no authority from him for that purpose, he cannot compel him to accept of it. It is not pretended that his employer gave him any express authority or direction to make the purchase for him; and no such authority was derived from his retainer to collect the debt due from Elijah Beardsley.

" Admitting, however, for a moment, that an attorney may be justified in making a purchase in behalf of his client, when such a measure is indispensably necessary to save or secure his debt; yet this is not even a case of that description. On the sale of the farm, Hasbrouck offered to give within one dollar of the sum for which it was struck off to the defendant; and it is admitted by the case, that the price for which the farm was sold, exceeded the amount of all the executions in the Sheriff's hands; so that there was not the least necessity for the defendant to become the purchaser, in order to secure his client's demand.

" If the defendant was authorized to make this purchase on account of his principal, the latter was bound to accept it, according to the terms upon which it was made. By these terms the defendant stipulated to pay the amount due to Hasbrouck upon his judgment, which he has actually done; and Phineas Beardsley, consequently, became liable to reimburse the defendant the money thus paid. To permit an attorney in this way to make his client his debtor, might frequently lead to the most injurious consequences. Many clients, instead of recovering and receiving their money, according to the ordinary course of proceeding, would, unexpectedly, find themselves involved in intricate and extravagant speculations, to the management of which they might be totally incompetent; and which, in the end, might prove ruinous.

" The defendant could not make himself a trustee for his principal against his will, and throw upon his hands a purchase which his interest

did not require him to make. Suppose the farm had turned out to be worth one-half the sum which the defendant gave for it, would Phineas Beardsley have been obliged to take it ? If Phineas Beardsley had ratified the purchase by some positive, unequivocal act, such as reimbursing the defendant the money paid to Hasbrouck, or agreeing to do so, he would have been bound to abide by it, however disadvantageous it might have proved. But so far from assenting to the purchase, it appears, from the defendant's own testimony, that soon after the sale, when the defendant offered him the Sheriff's deed, he declined to accept it ; and, at the same time told the defendant he was already embarrassed on account of Elijah Beardsley, and preferred he should sell the farm."

We have copied more at length from the foregoing case than is usual, because we consider the argument as being obviously correct, and as covering most of the points arising in the case now before us.

Whenever an attorney undertakes to travel out of the plain line of his duty, he does so at his peril, and will be held to strict proof, that the departure was indispensable to secure the debt of his principal. There is no evidence in the case showing that Farrar was in doubtful circumstances, or that the plaintiff was in hazard of losing his debt, to demand the exercise of any such power as that on the part of the attorney. On the contrary, it was the duty of the attorney to prosecute the claim in his hands against Farrar, with due diligence and without delay ;—so that the plaintiff, who was assignee of the notes, might, in the event of Farrar being unable to pay, have his recourse on the assignor. Instead of pursuing this course, the attorney received from Farrar, in discharge of his two notes, thirty-four small notes upon different individuals in the country, amounting in the aggregate to $1013 15, and assigned to him in blank. Shall the law tolerate such a practice, and compel the plaintiff to receive these notes in discharge of his claims against Farrar, or postpone his right of action against the attorney until the attorney collects the notes ? If the attorney could legally receive these notes in discharge of his client's demand, he may insist upon and compel his client to receive them from him ; then, in lieu of two notes on the same individual, the payment of which was guarantied by the assignment, he would have thirty-four on as many different individuals. Let him put those in the hands of an attorney for collection, and let that attorney pursue the same course, and what will be the final result? When will he get his money ?

It is contended for the defendant, that if promissory notes were taken by him in discharge of the plaintiff's debt, without his assent or direc-

tion, it is a misfeasance, for which a special action may be maintained. This we think very probable. But why turn the plaintiff over to his special action, when the defendant has received what he must have considered as equivalent to money in discharge of his principal's debt, which called for money? We are of opinion that whatever is received as money, in discharge of a money obligation, should be regarded and treated as money. If so, the plaintiff might bring his action of assumpsit, for money had and received, as in the present case.

If the view we have taken of the case be correct, it results that the Court committed error in refusing to declare the law as set forth in the plaintiff's motion, and in giving the first instruction asked by the defendant.

The other members of the Court concurring herein, the judgment of the Circuit Court is reversed, and the cause remanded.